**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------ X
Umar Muhammad,                                          :
                                                        :    Civil Action No. 18-10233-PAC
          Plaintiff,                  :
                                                        :
          - against -                 :    **AMENDED**
                                                        :    **COMPLAINT**
NY Nash Deli and Grocery Corp and                       :
Nashwan Ali                                             :
                                                        :
          Defendants.                  :
------------------------------------------------------ X

    1.    Plaintiff Umar Muhammad ("Plaintiff"), by and through his attorney, Mohammed Gangat, Esq., files this Complaint against defendants NY Nash Deli and Grocery Corp and Nashwan Ali ("Defendants") and alleges upon personal knowledge as to some matters and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

    2.    This lawsuit seeks to recover minimum wage, overtime compensation, spread-of-hours pay and statutory penalties for Plaintiff arising out of Defendants' illegal employment practices.

    3.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he is entitled to recover from Defendant: (1) unpaid minimum wage and overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

    4.    Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", he is entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for each day worked in excess of ten (10) hours; (3) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage

1

Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7.      Plaintiff is an adult individual who is a resident of Bronx, New York.

8.      Plaintiff was employed by Defendants as a retail sales associate at a deli/convenience store located on 98 E 167th Street (the "Deli") from on or about January until March 2018.

9.      Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

10.     Defendants have employed and/or jointly employed Plaintiff at all times relevant.

11.     Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

12.     Defendant Nashwan Ali ("Ali") is an adult, individual, over the age of 18 years old, and is the owner of the defendant NY Nash Deli and Grocery Corp ("Nash").

13.     Ali was responsible for hiring Plaintiff and for setting the Plaintiff's work schedule and rate of pay.

14.     Nash is a domestic limited liability corporation organized and existing under the laws of New York.

15. Nash is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

16. At all relevant times Nash has maintained control, oversight, and direction over employees like and including Plaintiff including timekeeping, payroll, and other employment practices that applied to them.

17. Nash has applied the same employment policies, practices, and procedures to all employees like and including Plaintiff, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, and spread-of-hours pay.

18. Upon information and belief, at all relevant times Nash's annual gross volume of sales made or business done was not less than $500,000.00.

**STATEMENT OF FACTS**

19. Towards the end of 2016, Ali hired Plaintiff to work as a non-exempt hourly employee at the Deli performing various functions including completing retail transactions involving deli and convenience store items and preparing food items ordered by the Deli's customers.

20. Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

21. Defendants employed Plaintiff as a deli worker for a continuous period of time starting from the date he was hired and continuing through October 2018.

22. Upon being hired Defendants instructed Plaintiff to work and Plaintiff did in fact work a regular schedule consisting of seven (7) days a week, twelve (12) hours each day from 1pm to 1am. For this time period, Defendants agreed to and did in fact pay Plaintiff wages of $700 per week.

23. Defendants did not pay Plaintiff the proper minimum wage, overtime wage, and spread-of-hours pay for all of the time that was suffered or permitted to work each workweek.

24. Plaintiff worked in excess of ten hours per day, in the amount of two (2) additional

hours each day, but was never provided additional compensation beyond the weekly $700 wages set by the Defendants.

25. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the federal or New York State minimum wage, the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

26. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff "spread of hours" premium for each day he worked a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

27. Defendants did not furnish Plaintiff with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

28. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

29. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal deductions from wages.

30. The work performed by Plaintiff was directly essential to the businesses operated by Defendants, which business involved retail sales of convenience store items and preparation and sale of food items to deli customers.

31. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages for each hour of employment in direct contravention of the FLSA and New York Labor Law's

minimum wage requirements.

32. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

33. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

34. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Minimum Wage and Overtime

35. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "34" of this Complaint as if fully set forth herein.

36. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37. Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

39. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

40. Plaintiff was entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

41. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

42. Defendants failed to pay Plaintiff minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

43. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

44. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

45. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff.

46. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

47. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

48. Plaintiff is entitled to an award for his reasonable attorneys' fees, costs and expenses incurred in prosecuting his unpaid wages claims, pursuant to 29 U.S.C. § 216(b).

**COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay**

49. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "48" of this Complaint as if fully set forth herein.

50. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

51. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

52. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

53. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay "spread of hours" premium to Plaintiff for each day he worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

54. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

55. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

56. At the time of their hiring, Defendants failed to notify Plaintiff and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

57. Due to the Defendants' New York Labor Law violations, Plaintiff and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency

accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, and "spread of hours" premium due to Plaintiff.

58. Additionally, Defendants' violations of labor law entitle Plaintiff to prejudgment interest, and reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

59. Plaintiff and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements

60. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "59" of this Complaint as if fully set forth herein.

61. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1 ), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

62. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

63. Defendants have willfully failed to supply Plaintiff with accurate statements of

wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

64. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

65. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

66. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, Umar Muhammad, respectfully requests that this Court grant the

following relief:

i. An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;

ii. An award of unpaid "spread of hours" premium due under the New York Labor Law;

iii. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

iv. An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

v. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vi. An award of prejudgment and post-judgment interest;

vii. An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

viii. Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
July 21, 2019

**LAW OFFICE OF MOHAMMED GANGAT**

By: _/s/ Mohammed Gangat_
Mohammed Gangat, Esq.
675 3rd Ave, Ste 1810
New York, NY 10017

(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff Umar Muhammad*