Joseph D. Nohavicka (JN-2758)
Pardalis & Nohavicka, LLP
950 3rd Avenue, 25th Floor
New York, NY 10022
Telephone: (212) 213 8511
Facsimile: (718) 777-0599
*Attorneys for Defendants*
*NY Nash Deli and Grocery Corp.*
*and Nashwan Ali*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMAR MUHAMMAD, | Civ. Case No. 18-cv-10233 |
| *Plaintiff,* | |
| -v- | **AMENDED ANSWER** |
| NY NASH DELI AND GROCERY CORP. And NASHWAN ALI, | |
| *Defendants.* | |

Defendants NY NASH DELI AND GROCERY CORP. and NASHWAN ALI, (individually as "Nash Deli" and "Ali" and jointly as "Defendants") by and through their attorneys, PARDALIS & NOHAVICKA, LLP, hereby serves their Answer in this action to the Complaint filed by UMAR MUHAMMAD ("Plaintiff"), and state as follows:

1.      Paragraph "1" of the Complaint contains allegations to which a response is not required.

## NATURE OF THE ACTION

2.      Defendants deny the allegations set forth in paragraph "2" of the Complaint.

3.      Defendants deny the allegations set forth in paragraph "3" of the Complaint.

4.      Defendants deny the allegations set forth in paragraph "4" of the Complaint.

## VENUE AND JURIDICTION

5.      Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "5" of the Complaint and respectfully refer all questions of law to the Court.

6.      Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "6" of the Complaint and respectfully refer all questions of law to the Court.

## PARTIES

7.      Defendants deny having knowledge or information sufficient to form a belief as to accuracy of the allegations set forth in paragraph "7" of the Complaint.

8.      Defendants deny having knowledge or information sufficient to form a belief as to accuracy of the allegations set forth in paragraph "8", except admit that Plaintiff was formerly employed by Nash Deli.

9.      Defendants deny having knowledge or information sufficient to form a belief as to accuracy of the allegations set forth in paragraph "9" of the Complaint, and respectfully refer all questions of law to the Court.

10.     Defendants deny having knowledge or information sufficient to form a belief as to accuracy of the allegations set forth in paragraph "10" of the Complaint, except admits that Nash Deli. formerly employed the Plaintiff.

11.     Defendants deny having knowledge or information sufficient to form a belief as to accuracy of the allegations set forth in paragraph "11" of the Complaint, except admit that while it employed Plaintiff, they had substantial control over his working conditions.

12.     Defendants admit to the allegations set forth in paragraph "12" of the Complaint.

13.     Defendants admit to the allegations set forth in paragraph "13" of the Complaint.

14.     Defendants admit to the allegations set forth in paragraph "14" of the Complaint.

15.     Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "15" of the Complaint and respectfully refer all questions of law to the Court.

16.     Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "16" of the Complaint and respectfully refer all questions of law to the Court.

17.     Defendants deny the allegations set forth in paragraph "17" of the Complaint.

18.     Defendants deny the allegations set forth in paragraph "18" of the Complaint.

**STATEMENT OF FACTS**

19.     Defendants deny the allegations set forth in paragraph "19" of the Complaint, except admit that Ali hired Plaintiff to work at Nash Deli.

20.     Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "20" of the Complaint and respectfully refer all questions of law to the Court.

21.     Defendants deny the allegations set forth in paragraph "21" of the Complaint, except admits that Nash Deli formerly employed Plaintiff until October 2018.

22.     Defendants deny the allegations set forth in paragraph "22" of the Complaint, except admit that they paid Plaintiff $700.00 per week during his employment.

23.     Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24.     Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25.     Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26.     Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27.     Defendants deny the allegations set forth in paragraph "27" of the Complaint.

28.     Defendants deny the allegations set forth in paragraph "28" of the Complaint.

29.     Defendants deny the allegations set forth in paragraph "29" of the Complaint.

30.     Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "30" of the Complaint and respectfully refer all questions of law to the Court.

31.     Defendants deny the allegations set forth in paragraph "31" of the Complaint.

32.     Defendants deny the allegations set forth in paragraph "32" of the Complaint.

33.     Defendants deny the allegations set forth in paragraph "33" of the Complaint.

34.     Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "34" of the Complaint and respectfully refer all questions of law to the Court.

## STATEMENT OF CLAIM

## COUNT I: FLSA- MINIMUM WAGE AND OVERTIME

35.     Defendants repeat and re-allege the answers set forth in paragraphs "1" through "34" above, as if fully set forth herein.

36.     Defendants deny the allegations set forth in paragraph "36" of the Complaint.

4

37.     Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "37" of the Complaint and respectfully refer all questions of law to the Court.

38.     Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "38" of the Complaint, except admit that they formerly employed Plaintiff.

39.     Defendants deny the allegations set forth in paragraph "39" of the Complaint.

40.     Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "40" of the Complaint and respectfully refer all questions of law to the Court.

41.     Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "41" of the Complaint and respectfully refer all questions of law to the Court.

42.     Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43.     Defendants deny the allegations set forth in paragraph "43" of the Complaint.

44.     Defendants deny the allegations set forth in paragraph "44" of the Complaint.

45.     Defendants deny the allegations set forth in paragraph "45" of the Complaint.

46.     Defendants deny the allegations set forth in paragraph "46" of the Complaint.

47.     Defendants deny the allegations set forth in paragraph "47" of the Complaint.

48.     Defendants deny the allegations set forth in paragraph "48" of the Complaint.

**COUNT II: NYLL- MINIMUM WAGE, OVERTIME, SPREAD OF HOURS PAY**

49.     Defendants repeat and re-allege the answers set forth in paragraphs "1" through "48" above, as if fully set forth herein.

50.      Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "50" of the Complaint, except admit that they formerly employed the Plaintiff.

51.      Defendants deny the allegations set forth in paragraph "51" of the Complaint.

52.      Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "52" of the Complaint and respectfully refer all questions of law to the Court.

53.      Defendants deny the allegations set forth in paragraph "53" of the Complaint

54.      Defendants deny the allegations set forth in paragraph "54" of the Complaint.

55.      Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "55" of the Complaint and respectfully refer all questions of law to the Court.

56.      Defendants deny the allegations set forth in paragraph "56" of the Complaint.

57.      Defendants deny the allegations set forth in paragraph "57" of the Complaint.

58.      Defendants deny the allegations set forth in paragraph "58" of the Complaint.

59.      Defendants deny the allegations set forth in paragraph "59" of the Complaint.

**COUNT III: NYLL- ANNUAL WAGE NOTICE AND PERIODIC WAGE STATEMENTS**

60.      Defendants repeat and re-allege the answers set forth in paragraphs "1" through "60" above, as if fully set forth herein.

61.      Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62.      Defendants deny the allegations set forth in paragraph "62" of the Complaint.

63.     Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "63" of the Complaint and respectfully refer all questions of law to the Court.

64.     Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "64" of the Complaint and respectfully refer all questions of law to the Court.

65.     Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "65" of the Complaint and respectfully refer all questions of law to the Court.

66.     Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "66" of the Complaint and respectfully refer all questions of law to the Court.

### AS TO THE WHEREFORE CLAUSE

67.     Defendants are not required to respond to the "Wherefore" Clause contained in the Complaint because it is merely a prayer for relief base upon the preceding allegations contained in the Complaint. To the extend a response is required, Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in said clause and respectfully refer all questions of law to the Court.

### JURY TRIAL DEMANDED

68.     Defendants hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does

7

not impose such burden on NY Nash Deli and Grocery Corp. and Nashwan Ali, NY Nash Deli

and Grocery Corp. asserts the following defenses:

### First Affirmative Defense

The Complaint, and each claim purported to be alleged therein, fails to state a claim upon

which relief can be granted.

### Second Affirmative Defense

The Plaintiff lacks standing to sue.

### Third Affirmative Defense

This Court lacks subject matter jurisdiction over some or all of the claims asserted by Plaintiff.

### Fourth Affirmative Defense

Plaintiff is unable to meet the criteria necessary to maintain a class action pursuant to Rule 23

of the Federal Rules of Civil Procedure, because, *inter alia*, NY Nash Deli and Grocery Corp.

never employed more than three individuals at any given time.

### Sixth Affirmative Defense

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that

purport to arise under the New York Labor Law or other state laws.

### Seventh Affirmative Defense

NY Nash Deli and Grocery Corp. at all times, and in all manners, acted in accordance with any

and all duties and obligations it may have had under the FLSA and/or New York Labor Law.

### Eighth Affirmative Defense

The Plaintiff cannot establish that any alleged acts or omissions were willful under the FLSA

and/or NYLL.

### Ninth Affirmative Defense

NY Nash Deli and Grocery Corp. at all times acted in good faith and with reasonable grounds for believing that it did not violate the FLSA and/or the NYLL.

### Tenth Affirmative Defense

NY Nash Deli and Grocery Corp. has no knowledge of, nor should they have knowledge of, any alleged uncompensated work by Plaintiff since NY Nash Deli and Grocery Corp. did not authorize, require, request, suffer or permit such activity by Plaintiff as set forth in the Complaint.

### Eleventh Affirmative Defense

NY Nash Deli and Grocery Corp. is entitled to any and all offsets and/or set offs permissible by law.

### Twelfth Affirmative Defense

The Plaintiff's claims are barred due to the *de minimis* rule.

### Thirteenth Affirmative Defense

Plaintiff is barred from recovering attorney's fees due to his failure to mitigate his damages by initiating this lawsuit without prior notice.

### Fourteenth Affirmative Defense

NY Nash Deli and Grocery Corp. is not a covered employer under the FLSA because it never made gross volume of business or sales exceeding $500,000.

### Fifteenth Affirmative Defense

The Plaintiff's Complaint is barred in whole or in part pursuant to 29 U.S.C. §§ 258(a) and 259(a) because NY Nash Deli and Grocery Corp., in good faith, acted in conformity with and in reliance upon written administrative regulations, interpretations, and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

### Sixteenth Affirmative Defense

To the extent Plaintiff signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, his claims are barred by that release, waiver or agreement.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent that some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254 and/or New York law.

### Eighteenth Affirmative Defense

All affirmative defenses set forth in the New York Wage Theft Prevention Act including, but not limited to, NY Nash Deli and Grocery Corp. having made complete and timely payment of all wages due apply.

### Nineteenth Affirmative Defense

Because Plaintiff's Complaint is phrased in conclusory terms, NY Nash Deli and Grocery Corp. cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

**WHEREFORE**, NY Nash Deli and Grocery Corp. and Nashwan Ali pray that:

(a) Plaintiff's Complaint be dismissed with prejudice;

(b) Each and every demand, claim and prayer for relief contained in Plaintiff's Complaint be denied; and,

(c) Such other and further relief as the Court deems just and proper.

Dated: New York, New York

10

July 22, 2019

Respectfully submitted,

**Pardalis & Nohavicka, LLP**

By: _____

Joseph D. Nohavicka (JN-2758)
*Attorneys for the Defendants*
*NY Nash Deli and Grocery Corp.*
950 3rd Avenue, 25th Floor
New York, NY 10022
Tel.: (212) 213 8511|Fax.: (718) 777 0599
E: jdn@pnlawyers.com

11