UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UMAR MUHAMMED,

                *Plaintiff*,

   -*against*-

NY NASH DELI AND GROCERY CORP.,
AND NASHWAN ALI

                *Defendants.*

------------------------------------------------------------X

18 Civ. 10233 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff, a former employee of Defendants NY Nash Deli and Grocery Corp and Nashwan Ali, brings this action alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff worked for Defendants as a clerk at a deli/convenience store 7 days per week, 12 hours a day, for over two years without receiving the appropriate minimum wage and overtime compensation. Plaintiff also alleges that he did not receive proper written notice regarding his pay rates and that Defendant failed to provide him with accurate wage statements.

    The parties have now resolved their dispute, and seek approval of their settlement agreement and letter, filed on September 13, 2019, Dkt. 34. Generally, the agreement is appropriate, but the Court declines to approve it in its present form. The agreement does not include any objectionable confidentiality provisions.

## DISCUSSION

I. **Legal Standard**

"To promote FLSA's purpose of ensuring 'a fair day's pay for a fair day's work,' a settlement in a FLSA case must be approved by a court or the Department of Labor." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *1 (S.D.N.Y. Mar. 24, 2016) (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)). A district court "must scrutinize the settlement agreement to determine that the settlement is fair and reasonable" before the court enters a judgment approving an FLSA settlement. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In doing so, "a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* (internal citations and quotation marks omitted).

II. **Analysis**

   A. **Settlement Sum**

The settlement agreement (Dkt. 34-1 (the "Agreement" or "SA")) provides for a payment from Defendants to Plaintiff and Plaintiff's counsel of $20,000 – $15,000 to Plaintiff and $5,000 to Plaintiff's counsel (SA ¶ 2(a)). Since the Court is "generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement, there is a 'strong presumption in favor of finding a settlement fair.'" *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (internal citation omitted). The Parties have not provided Plaintiff's range of

2

possible recovery in seeking settlement and thus, the Court cannot determine whether the settlement amount is fair and reasonable. The parties are directed to submit information concerning Plaintiff's range of recovery for the Court to assess. *See e.g., Rivera v. Silver Star Cleaners, Inc.*, No. 18. CIV. 4427 (PAC), 2019 WL 3491505, at *2 (S.D.N.Y. Aug. 1, 2019) (considering Plaintiff's "range of recovery" in determining whether settlement is fair and reasonable).

### B.  Attorney's Fees

Plaintiff's counsel seeks the Court's approval of $5,000 in attorneys' fees and costs. In an FLSA case, courts must independently assess the reasonableness of plaintiff's attorney's fees, even when the fee is negotiated as part of the settlement. *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *4 (S.D.N.Y. Dec. 15, 2015). When assessing the reasonableness of attorney's fees in FLSA settlements, courts consider (1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations. *Lopez v. Ploy Dee, Inc.*, No. 15-CV-647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016) (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). The lodestar calculation is used as a cross-check on the reasonableness of the requested percentage. *Goldberger*, 209 F.3d at 50.

The attorneys' fees of $5,000 are less than one-third of the total settlement amount, which is viewed as reasonable in this Circuit. *See, e.g., Garcia v. Atlantico Bakery Corp.*, No. 13 Civ. 1904, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases."). Plaintiff, however, neglected to submit billing records; consequently, there is no basis for the Court to assess whether the billing rates

3

and work performed were reasonable. *See Martinez v. SJG Foods LLC*, No. 16-CV-7890 (RA), 2017 WL 2169234, at *3 (S.D.N.Y. May 16, 2017) ("As [counsels] did not ... submit contemporaneous billing records documenting, for each attorney, the hours expended and the nature of the work done, the Court does not have sufficient information to determine if the requested fee amount is fair and reasonable."); *Lopez v. Night of Cabiria, LLC*, 96 F. Supp. 3d 170, 182 (S.D.N.Y. 2015) ("It may be that counsel's fee is entirely commensurate with the amount of time that the lawyers spend on this case. But such determinations require evidence, and plaintiff's counsel has provided none."). The Court cannot approve the attorneys' fees without reviewing the billing records, which counsel must submit.

### C. General Release

As part of the Settlement, Plaintiff is required to waive essentially all claims that may have arisen out of his employment with Defendants. Specifically, the Agreement requires Plaintiff to:

> hereby completely, irrevocably and unconditionally does release, waiver and forever discharge the claims alleged in this Action and any and all claims charges, complaints, judgements or liabilities of any kind against Defendants...whether known or unknown

(SA ¶ 3.) This provision is "too sweeping to be 'fair and reasonable' and so must be rejected." *Flood v. Carlson Restaurants Inc.*, No. 14-CV-2740 (AT) (GWG), 2015 WL 4111668, at *2 (S.D.N.Y. Jul. 6, 2015). Where the general release "waive[s] practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues ... [c]ourts typically reject such broad releases." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181.

### D. Non-Disparagement Clause

Non-disparagement clauses are disfavored in FLSA settlement agreements. "Although

4

not all non-disparagement clauses are *per se* objectionable, if the provision 'would bar plaintiffs from making 'any negative statement' about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case.'" *Lazaro-Garcia*, 2015 WL 9162701, at *3 (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 180 n.65). Non-disparagement clauses may be considered fair and reasonable so long as they contain "a carve-out for truthful statements about plaintiffs' experience litigating their case." *Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18-CV-454 (RA), 2018 U.S. Dist. LEXIS 131829, at *8 (S.D.N.Y. Aug. 6, 2018) (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 180). Here, the non-disparagement clause includes an explicit carve-out for truthful statements. The non-disparagement clause in the Agreement provides that "the Parties retain their right to discuss matters related to this Action with whomever the Parties choose so long as those statements are truthful." (SA ¶ 9). The Court therefore concludes that the clause is not objectionable.

## CONCLUSION

For the reasons stated, the Court cannot approve the Agreement in its current form. The request to approve the proposed Agreement is denied without prejudice; but will be approved upon the submission and review of the range of Plaintiff's recovery, appropriate billing records, and the modification of the General Release clause.

Dated: New York, New York
      September 27, 2019

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge