UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
FILED: 10/23/19

------------------------------------------------------------X
                                 :

UMAR MUHAMMED,                  :

           *Plaintiff,*        :

     *-against-*             :        18 Civ. 10233 (PAC)

NY NASH DELI AND GROCERY CORP.,  :
AND NASHWAN ALI

                     :        **OPINION & ORDER**

          *Defendants.*     :
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

On September 27, 2019, this Court issued an opinion (Dkt. 36) evaluating the parties' proposed settlement as required under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The Court objected to the General Release provision. The Court also directed the parties to provide Plaintiff's range of recovery and to submit billing records so that the Court could determine if the attorney's fees, in the amount of $5,000 were fair and reasonable.

On October 1, 2019, the parties submitted a letter (Dkt. 37), a revised settlement agreement, which modified the objectionable general release clause. The letter submission also provided Plaintiff's range of recovery as well as the necessary billing records, Dkt. 37-1 (the "Revised Settlement Agreement").

The Court approves the Revised Settlement Agreement. The Court assumes familiarity with the facts and its previous opinion pursuant to *Cheeks*, Dkt. 36.

## DISCUSSION

### I.    Legal Standard

"To promote FLSA's purpose of ensuring 'a fair day's pay for a fair day's work,' a settlement in a FLSA case must be approved by a court or the Department of Labor." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *1 (S.D.N.Y. Mar. 24, 2016) (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)). A district court "must scrutinize the settlement agreement to determine that the settlement is fair and reasonable" before the court enters a judgment approving an FLSA settlement. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In doing so, "a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* (internal citations and quotation marks omitted).

### II.    Analysis

#### A.    Settlement Sum

The settlement agreement (Dkt. 37-1 (the "Revised Settlement Agreement" or "RA")) provides for a payment from Defendants to Plaintiff and Plaintiff's counsel of $20,000 – $15,000 to Plaintiff and $5,000 to Plaintiff's counsel (RA ¶ 2(a)). Since the Court is "generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement, there is a 'strong presumption in favor of finding a settlement fair.'" *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (internal citation omitted).

Plaintiff estimates that if he had recovered in full for his claims, he would be entitled to approximately $182,425, including liquidated damages and prejudgment interest. (Dkt. 37.) The proposed settlement sum is approximately 11% of Plaintiff's maximum possible recovery. The proposed settlement considers the Defendant's defenses in this case. The amount is reflective of risks associated with trial, a very real likelihood on the facts of this case. A trial and the lack of records in this case, including wage statements and tax records, would require testimony as to the number of hours worked and the nature of plaintiff's duties, which would raise issues of credibility. *See Geskina v. Admore Air Conditioning Corp.,* No. 16 CIV. 3096 (HBP), 2017 WL 1743842, at *2 (S.D.N.Y. May 3, 2017) (considering risks of litigation and trial in approving settlement under *Cheeks*). Plaintiff's counsel further notes that "after an extensive inquiry into the assets of the[] defendants" he believes a large monetary judgment would be difficult to enforce. (Dkt. 37).

The proposed settlement was negotiated at arm's-length between competent attorneys experienced in the practice area of wage-and-hour litigation, lessening concerns of fraud or collusion between the parties. *See Santos v. Yellowstone Props.,* No. 15 Civ. 3986 (PAE), 2016 WL 2757427 at *2-3 (S.D.N.Y. May 10, 2016). Further, since Plaintiff no longer works for Defendants, the Court has little concern that Defendants used improper leverage to secure the settlement. *See Cisneros v. Schnipper Rest. LLC*, No. 13 Civ. 6266 (JMF), 2014 WL 67235, at *1 (S.D.N.Y. Jan. 8, 2014) (concerns about coercion "not as relevant when the plaintiffs no longer work for the defendant"). In light of the facts and circumstances described, the Court finds the proposed settlement sum to be fair and reasonable.

### B. Attorney's Fees

Plaintiff's counsel seeks the Court's approval of $5,000 in attorneys' fees and costs. In

an FLSA case, courts must independently assess the reasonableness of plaintiff's attorney's fees, even when the fee is negotiated as part of the settlement. *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *4 (S.D.N.Y. Dec. 15, 2015). When assessing the reasonableness of attorney's fees in FLSA settlements, courts consider (1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations. *Lopez v. Ploy Dee, Inc.*, No. 15-CV-647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016) (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). The lodestar calculation is used as a cross-check on the reasonableness of the requested percentage. *Goldberger,* 209 F.3d at 50.

The attorneys' fees of $5,000 are less than one-third of the total settlement amount, which is viewed as reasonable in this Circuit. *See, e.g., Garcia v. Atlantico Bakery Corp.*, No. 13 Civ. 1904, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases."). The proposed amount of $5,000 is less than the total billed fees ($10,440). The attorneys' fees are less than the lodestar amount and are reasonable given that Plaintiff's counsel conducted approximately 34.8 hours of legal work and has seven years of experience as a practicing attorney in New York. *See Lujuan v. JPG LLC*, No. 18-CV-0916 (KBF), 2018 WL 3353060, at *3 (S.D.N.Y. June 6, 2018) (finding attorney's fees reasonable where they were less than the lodestar calculation and less than one-third the total settlement). The Court concludes that the proposed attorneys' fees and costs are reasonable.

**C. Release**

The parties have revised the release clause and limited it to claims arising out of the action and claims arising under federal and state statutes governing discrimination and wage-

and-hour claims. Plaintiff has not been employed by the Defendant since October 2018 and the release is the product of arm's length bargaining. The agreement was negotiated by competent counsel for both sides. *See Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *6 (S.D.N.Y. Nov. 6, 2015) (permitting broader release in the non-collective action context where a former employee has no ongoing relationship with the employer). In light of the circumstances described, the Court approves the revised release clause.

## **CONCLUSION**

For the reasons stated, the Court approves the Revised Settlement Agreement. The Clerk of the Court is directed to terminate the motions at Dkts. 34 and 37 and close the case.

Dated: New York, New York
      October 23, 2019

SO ORDERED

PAUL A. CROTTY
United States District Judge